HARLAN Y. KIMURA  #3321
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail:  hyk@aloha.net

Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00106-02 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| HOLLY KOLIOPOULOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF LAW

COMES NOW Defendant No. 02 HOLLY KOLIOPOULOS (hereinafter "Koliopoulos"), by and through her counsel, Harlan Y. Kimura, and hereby submits this Memorandum Of Law in support of her Motion In Limine To Exclude Evidence Of Nonverbal Testimony And Observations Of Defendant Prior To Miranda Warning.

/ /

I.  FACTS.

At approximately 10:30 p.m. on March 4, 2005, law enforcement officers located Koliopoulos in a boat under repair on stilts at the Haleiwa Boat Harbor. Although the officers had probable cause to arrest her at that time, they did not do so nor advise her of her Miranda rights. April 26, 2005 Minutes of the Court's Oral Order Granting In Part, And Denying In Part, Koliopoulos' Motion To Suppress Defendant's Statements And Evidence Derived Therefrom (hereinafter "4/26/05 Minutes") at 2. Instead, "[d]uring questioning, [the officers concluded Koliopoulos] provided answers that conflicted at times with answers she had provided earlier." Second Affidavit of Edward Feeley signed on March 5, 2005 at 22, ¶ 38 (Bates No. 77). The officers also concluded based upon their initial contact with Koliopoulos that "[i]t appeared she was withholding information on [Defendant No. 01 STEVEN PAUL] ECHOLS and especially where he resided." Id. Finally, Senior Special Agent Steven J. Marceleno (hereinafter "SSA Marceleno") reported that "Koliopoulos appeared to be under the influence of some controlled substance and was evasive, almost belligerent, in answering questions." Bates No. 17.

On April 11, 2005 Koliopoulos filed a Motion To Suppress Defendant's Statements And Evidence Derived Therefrom. The grounds for the

Motion To Suppress was that she was not advised of her Miranda Rights at the time the officers made initial contact with her after she de-boarded the boat under repair on stilts at the Haleiwa Boat Harbor, although she was effectively "in custody" from that point forward (hereinafter "Motion To Suppress").  The Court GRANTED IN PART the Motion To Suppress ruling that "any statements Koliopoulos made after being questioned by officers while she was in custody at the Haleiwa Boat Harbor and before being informed of her Miranda rights and signing the Miranda waiver" are SUPPRESSED.  4/26/05 Minutes at 4.  However, the Court DENIED IN PART the Motion To Suppress with respect to the: (1) statements Koliopoulos made after signing the Miranda warning; (2) package in the red maroon Dodge truck; and (3) evidence seized pursuant to the search warrant for the residence at 94-068 Puanane Loop, Mililani, Hawaii  96789.  Id. at 4-6.

II.     ARGUMENT.

It cannot be disputed that Special Agent Edward Feeley (hereinafter "SA Feeley") would have been unable to make the statements that: (1) "[d]uring questioning, [Koliopoulos] provided answers that conflicted at times with answers she had provided earlier"; and (2) [i]t appeared she was withholding information on ECHOLS and especially where he resided" WITHOUT the benefit of the

3

statements she made that have been SUPPRESSED. Similarly, SSA Marceleno could NOT have made the observation that "Koliopoulos appeared to be under the influence of some controlled substance and was evasive, almost belligerent, in answering questions" WITHOUT having witnessed the very statements that have been SUPPRESSED. Therefore, those observations by SA Feeley and SSA Marceleno should be similarly SUPPRESSED.

III.  CONCLUSION.

Based upon all the foregoing, Koliopoulos respectfully requests her Motion In Limine To Exclude Evidence Of Defendant's Nonverbal Testimony And Observations Of Defendant Prior To Miranda Warning be GRANTED because the same are derived directly from her SUPPRESSED statements obtained unconstitutionally after the officers made initial contact with her, but before she was advised of her Miranda Rights.

DATED at Honolulu, Hawaii, _____JUL - 5 2006_____.

HARLAN Y. KIMURA
Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

4