ORIGINAL

CC: HK

HARLAN Y. KIMURA #3321
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii 96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail: hyk@aloha.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 07 2006

at __11__ o'clock and __50__ min __A__ M
SUE BEITIA, CLERK

Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00106-02 HG |
| ) | |
| Plaintiff, ) | DEFENDANT'S MEMORANDUM |
| ) | IN OPPOSITION TO UNITED |
| vs. ) | STATES' MOTION TO ADMIT |
| ) | 404(b) EVIDENCE FILED JUNE 29, |
| HOLLY KOLIOPOULOS,   (02) ) | 2006; CERTIFICATE OF SERVICE |
| ) | |
| Defendant. ) | Date:  July 14, 2006 |
| ) | Time:  11:00 a.m. |
| ) | Judge: Helen Gillmor |
| ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
UNITED STATES' MOTION TO ADMIT 404(b) EVIDENCE
FILED JUNE 29, 2006

COMES NOW Defendant No. 02 HOLLY KOLIOPOULOS

(hereinafter "Koliopoulos"), by and through her attorney, HARLAN Y. KIMURA,

and hereby submits this Memorandum In Opposition to the United States' Motion

To Admit 404(b) Evidence filed herein on June 29, 2006.

I.   BACKGROUND.

The Final Pretrial Conference was held in this case before The Honorable Barry M. Kurren on June 26, 2006 (hereinafter "Final Conference"). At the Final Conference the parties were orally advised that the "United States **shall** serve upon opposing counsel and file with the Court by **June 28, 2006** a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b)" (hereinafter "404(b) Notice"). Report Of Final Pretrial Conference, Minutes And Order filed herein on June 28, 2006 (hereinafter "FPTC Order") at 2-3 [emphasis added]. Therefore, the Government had two (2) days advance notice of its obligation to file the required 404(b) Notice. Instead of complying with this deadline due to the Trial Schedule of Counsel for the Government, the United States' Motion To Admit 404(b) Evidence was filed one (1) day later on June 29, 2006 (hereinafter "Government's 404(b) Motion").

Substantively, the Government's 404(b) Motion requests the Court's permission to "offer evidence of Defendant's prior methamphetamine use and possession of a methamphetamine pipe on the day of her arrest" (hereinafter "404(b) Evidence"). Government's 404(b) Motion at 15. Apparently, the Government deems the 404(b) Evidence crucial to "prove Defendant's knowledge that methamphetamine was planned to be manufactured, was being manufactured

and was present at her residence of 94-068 Puanane Loop, Mililani, Hawaii as well as evidence of intent, motive, opportunity, absence of mistake and plan." Id. Finally, the Government argues that the 404(b) Evidence is admissible because it comports with the four-part test enumerated by the Ninth Circuit in United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir. 1982) (hereinafter "4-Part Test") and the probative value of the same substantially outweighs any danger of unfair prejudice to Koliopoulos. Id. at 17-22.

II.   ARGUMENT.

    A.   The Government Fails To Satisfy The First and Fourth Part Of The 4-Part Test Of Admissibility.

Notwithstanding the arguments raised by the Government in justifying its request to admit the 404(b) Evidence, it fails to meet the first (1st) and fourth (4th) part of the 4-Part Test. The first (1st) part of the 4-Part Test that the 404(b) Evidence must tend to prove a material point at issue requires the Government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982). In order to meet this burden, the Government argues the 404(b) Evidence is material to the issues of knowledge and intent, both of which are elements of the crimes charged, as well as opportunity, plan, absence of mistake and motive." Government's 404(b) Motion at 17-18. In essence, the Government

3

is requesting the Court to believe that a person who uses methamphetamine and found with a methamphetamine pipe <u>will</u> possess a listed chemical with the intent to manufacture the controlled substance to be ingested. However, the Ninth Circuit has long ago rejected this type of argument that evidence of prior drug use logically relates to the offenses charged because the only reason to offer that type of evidence is to show a "general criminal propensity." <u>United States v. Mehrmanesh</u>, 689 F.2d at 832 [The Government's argument that the jury could infer that since the defendant used drugs he was likely to participate in their importation is precisely the inference condemned as "improbable"].

The Government also falls short on the fourth (4th) part of the 4-Part Test because there is no defensible similarity between using methamphetamine and manufacturing it. In an effort to convince the Court otherwise, the Government explains that:

> Defendant's admitted conduct are examples of the distribution of illegal drugs albeit at opposite ends of the distribution process. Both involved the procurement of methamphetamine and/or ingredients needed to make methamphetamine, the negotiation for the price of drugs and the involvement of a number of other individuals. As such, the similarity requirement is met.

Government's 404(b) Motion at 21. This "type of argument" is exactly what the Ninth Circuit cautioned against when it found error by the trial court in admitting the 404(b) evidence as indicated by the government when the

"prosecutor explained to the jury in closing argument that 'because [the defendant] uses drugs he has a motive to get the drugs into the country so he can use them." United States v. Mehrmanesh, 689 F.2d at 832 n.11. Again, it would be propensity, not intent, motive, opportunity, absence of mistake and plan, that is the undue danger in admitting the 404(b) Evidence.

Additionally, the First Superseding Indictment filed herein on December 15, 2005 charges Koliopoulos with possession of a listed chemical with the intent to manufacture a controlled substance, as well as being engaged in a conspiracy to accomplish the same (hereinafter "Charges"). As the Government correctly recognizes, a showing of similarity is required. Government's 404(b) Motion at 20 n.3. However, the "prior criminal conduct is relevant only if it is similar to the offense charged." United States v. Bailleaux, 685 F.2d at 110 n.1. Illegal use of a controlled substance is not similar to manufacturing it. See e.g., United States v. Ramirez-Robles, 386 F.3d 1234, 1242 (9th Cir. 2004) [Evidence of prior drug use is not ordinarily relevant under Rule 404(b) to prove conspiracy and possession with intent to distribute narcotics].

/ /

/ /

/ /

   B.   The Probative Value Of the 404(b) Evidence Is Also
        Substantially Outweighed By The Danger Of Unfair
        Prejudice To Koliopoulos.

Even assuming the Government convinces the Court that it has met the 4-Part Test to admit the 404(b) Evidence, its admission must still pass scrutiny that the probative value of the same is substantially outweighed by the danger of unfair prejudice. Id. at 1111. In analyzing this question the "greater the degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence." Id. at 1110. Unfair prejudice is that "aspect of the evidence which makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." Id. at 1110.

In this case the probative value of the 404(b) Evidence is questionable at best. As previously stated, it is not logical to conclude that a user of methamphetamine would possess a listed chemical with the intent to manufacture it. Instead, it is more likely for the jury to emotionally and wrongfully arrive at the conclusion that a user of illegal drugs must be involved in its manufacture because he ingests it. This danger is exactly

6

what Fed. R. Evid. 404(b) was designed to protect against.

Secondly, the Government would have a much stronger argument if the 404(b) Evidence related to prior possession of listed chemicals, knowledge of the manufacturing process of methamphetamine, or previous acts of manufacturing methamphetamine. In that event, the probative value would clearly outweigh any danger of unfair prejudice which may be attendant with the admission of that evidence. Unfortunately for the Government, those facts are absent from this case.

III.  CONCLUSION.

Based upon all the foregoing, Koliopoulos respectfully requests the Government's 404(b) Motion be DENIED because: (a) it is untimely; (b) the 404(b) Evidence proves "propensity" and not knowledge or intent; and (c) the 404(b) Evidence is not similar to the Charges because illegal use of a controlled substance does not equate to its illegal manufacture.

DATED at Honolulu, Hawaii, JUL - 7 2006        .

HARLAN Y. KIMURA
Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties listed below, in the manner described thereto, at their last-known addresses, on ___JUL - 7 2006___ .

                                                                By U.S. Mail    By Hand Delivery

EDWARD H. KUBO, JR., ESQ.                                        X
United States Attorney
MARK A. INCIONG. ESQ.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

        DATED at Honolulu, Hawaii, ___JUL - 7 2006_____ .

                                                    _/s/ Harlan Y. Kimura_
                                                    HARLAN Y. KIMURA
                                                    Attorney for Defendant No. 02
                                                    HOLLY KOLIOPOULOS