EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00106 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT |
| v. | ) | KOLIOPOULOS' MOTIONS TO: |
| | ) | |
| HOLLY KOLIOPOULOS,    (02) | ) | (1) EXCLUDE EVIDENCE OF |
| | ) | PARENTING SKILLS AND |
| | ) | RESPONSIBILITIES; |
| Defendant. | ) | (2) EXCLUDE EVIDENCE OF NON-|
| | ) | VERBAL TESTIMONY AND |
| | ) | OBSERVATIONS; |
| | ) | (3) EXCLUDE EVIDENCE OF |
| | ) | DEFENDANT'S ALIASES |
| | ) | |
| | ) | TRIAL DATE: August 23, 2006 |
| | ) | TIME: 9:00 a.m. |
| | ) | JUDGE: Hon. Alan Cooke Kay |
| | ) | |

**UNITED STATES' RESPONSE AND OPPOSITION
TO DEFENDANT KOLIOPOULOS' MOTIONS IN LIMINE**

COMES NOW the United States of America, by and through

Edward H. Kubo, Jr., United  States Attorney, and Mark A.

Inciong, Assistant United States Attorney, and hereby files its

responses in opposition to Defendant Koliopoulos' various
pretrial motions to be heard prior to trial in the above-
referenced matter.  Said responses are based upon the files and
records of this case, together with the attached statement of
facts and memorandum of points and authorities.

I

**STATEMENT OF THE CASE**

Defendant Holly Koliopoulos is presently charged in a
Second Superseding Indictment with attempted possession of
iodine, a listed chemical, knowing, or having reasonable cause to
believe, that the iodine would be used to manufacture a
controlled substance; and conspiracy to manufacture 50 grams or
more of methamphetamine, all in violation of Title 21, United
States Code, Sections 841(a)(1), (b)(1)(A) and (c).

II

**POINTS AND AUTHORITIES**

A.    THE DEFENDANT'S USE OF MULTIPLE ALIASES AND SOCIAL
SECURITY NUMBERS MAY BE RELEVANT AT TRIAL

While the United States does not intend to introduce
evidence of the Defendant's prior use of multiple aliases or
social security numbers, or her numerous previous addresses, in
its case in chief, such evidence may become relevant should the
Defendant "open the door" during cross-examination of prosecution

2

witnesses and/or in the introduction of evidence and testimony during her defense case.

As such, any pretrial ruling would be premature and the United States would respectfully request that this Court deny Defendant's motion subject to reconsideration should that information become relevant.  The United States will notify both the defense and the Court to obtain a ruling before introducing such evidence if it believes the information has become relevant.

B.   THE DEFENDANT'S USE OF MULTIPLE ALIASES AND SOCIAL SECURITY NUMBERS MAY BE RELEVANT AT TRIAL

As indicated above, the United States does not intend to introduce evidence of the Defendant's lack of parental responsibility or supervision over her daughter(s) in its case in chief.  However, such evidence may become relevant should the Defendant "open the door" during cross-examination of prosecution witnesses and/or in the introduction of evidence and testimony during her defense case.

As such, any pretrial ruling would be premature and the United States would respectfully request that this Court deny Defendant's motion subject to reconsideration should that information become relevant.  The United States will notify both the defense and the Court to obtain a ruling before introducing such evidence if it believes the information has become relevant.

C.    PHYSICAL OBSERVATIONS MADE OF THE DEFENDANT ARE NON-TESTIMONIAL IN NATURE AND SHOULD BE ADMITTED AT TRIAL

Judge Gillmor's April 26, 2005 ruling clearly suppressed any statements made by the Defendant prior to being advised of her Miranda rights, but nothing more.   Observations of a defendant's demeanor and his or her physical state are not testimonial in nature and are not hearsay.

Certainly, for example, whether the Defendant appeared to be under the influence of drugs in a case requiring the Government to prove the Defendant had various states of knowledge regarding drugs is highly relevant and should be admissible pursuant to Federal Rules of Evidence 401, 402 and 403. Likewise, the contradicting answers provided by the Defendant, without reference to content, is also relevant.

Accordingly, Defendant's motion should be denied.

## III

## CONCLUSION

As shown above, each of Defendant's motions is premature or unsupported in law or fact.   Accordingly, the United States respectfully requests that each of Defendant's motions be denied.

DATED: July 19, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney


By  /s/ Mark A. Inciong
    MARK A. INCIONG
    Assistant U.S. Attorney

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically by CM/ECF:

HARLAN KIMURA, ESQ.                    July 19, 2006
hyk@aloha.net

Counsel for HOLLY KOLIOPOULOS

DATED:  Honolulu, Hawaii, July 19, 2006.


                              <u>/s/ M. Derby-Taufa'asau</u>