EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG, CA BAR #163443
Assistant U. S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00106 ACK |
| | ) | |
| Plaintiff, | ) | UNITED STATES SUPPLEMENTAL |
| | ) | PROPOSED JURY INSTRUCTIONS; |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | Date:   August 23, 2006 |
| HOLLY KOLIOPOULOS,    (2) | ) | Time:   9:30 a.m. |
| | ) | Judge:  Hon. Alan Cooke Kay |
| | ) | |
| Defendant. | ) | |

UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The United States of America, through its undersigned counsel, respectfully submits the following supplemental proposed jury instructions.  Permission of the Court is requested to withdraw any of the attached instructions or to offer additional instructions as may, during the course of the trial, become appropriate.  Additionally, the United States objects to any

supplemental jury instructions proposed by the defense in this case.

DATED: July 21, 2006 at Honolulu, Hawaii.

                                        Respectfully submitted,

                                        EDWARD H. KUBO, JR.
                                        United States Attorney
                                        District of Hawaii

                                      By /s/ Mark A. Inciong
                                          MARK A. INCIONG
                                          Assistant U.S. Attorney

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 1</u>

You have heard evidence of other crimes engaged in by the defendant. You may consider that evidence only as it bears on the defendant's knowledge of methamphetamine, absence of mistake or accident and for no other purpose.

9th Cir. Crim. Jury Instr. 4.3 (2000)

```
GIVEN     _____
REFUSED   _____
MODIFIED  _____
```

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 2</u>

The defendant is charged in Count 1 of the indictment with attempting to possess iodine, a listed chemical, knowing, or having reasonable cause to believe, that the iodine would be used to manufacture a controlled substance. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess iodine knowing, or reasonable cause to believe, that the iodine would be used to manufacture a controlled substance;

Second, iodine is a listed chemical; and,

Third, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It does not matter whether the defendant knew that the substance was iodine. It is sufficient that the defendant knew that it was some kind of prohibited chemical.

9th Cir. Crim. Jury Instr. 9.13 (2005), as modified; <u>United States v. Sua</u>, 307 G.3d 1150, 1155 (9th Cir. 2002); <u>United States v. Lo</u>, 447 F.3d 1212 (9th Cir. 2006).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 3</u>

You have heard testimony from Steven Echols, a witness who has admitted to being an accomplice to Holly Koliopoulos. An accomplice is one who voluntarily and intentionally joins with other people in committed a crime.

The witness, Steven Echols, also has pled guilty to crimes arising out of the same events for which Holly Koliopoulos is on trial. His guilty plea is not evidence against defendant Holly Koliopoulos and you may consider his guilty plea only in determining his believability.

For these reasons, in evaluating the testimony of Steven Echols, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Steven Echols with greater caution than that of other witnesses.

9th Cir. Crim. Jury Instr. 4.9 (2005)(modified)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 4

The case against co-defendant Steven Echols has been disposed of and is no longer before you. Do not guess or speculate as to the reason for the disposition. The disposition should not influence your verdicts with reference to Holly Koliopoulos, the remaining defendant, and you must base your verdicts solely on the evidence against Holly Koliopoulos.

9th Cir. Crim. Jury Instr. 2.13 (2005), as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 5

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

All of you must unanimously agree as to which crime the defendant aided and abetted.

9th Cir. Crim. Jury Instr. 5.1 (2005)(modified).

GIVEN     _____
REFUSED   _____
MODIFIED  _____

# CLEAN SET OF SUPPLEMENTAL

# PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO. _____


You have heard evidence of other crimes engaged in by the defendant. You may consider that evidence only as it bears on the defendant's knowledge of methamphetamine, absence of mistake or accident and for no other purpose.

INSTRUCTION NO. \_\_\_\_\_

The defendant is charged in Count 1 of the indictment with attempting to possess iodine, a listed chemical, knowing, or having reasonable cause to believe, that the iodine would be used to manufacture a controlled substance.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess iodine knowing, or reasonable cause to believe, that the iodine would be used to manufacture a controlled substance;

Second, iodine is a listed chemical; and,

Third, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It does not matter whether the defendant knew that the substance was iodine.  It is sufficient that the defendant knew that it was some kind of prohibited chemical.

INSTRUCTION NO. \_\_\_\_\_

You have heard testimony from Steven Echols, a witness who has admitted to being an accomplice to Holly Koliopoulos. An accomplice is one who voluntarily and intentionally joins with other people in committed a crime.

The witness, Steven Echols, also has pled guilty to crimes arising out of the same events for which Holly Koliopoulos is on trial. His guilty plea is not evidence against defendant Holly Koliopoulos and you may consider his guilty plea only in determining his believability.

For these reasons, in evaluating the testimony of Steven Echols, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Steven Echols with greater caution than that of other witnesses.

INSTRUCTION NO. _____

The case against co-defendant Steven Echols has been disposed of and is no longer before you.  Do not guess or speculate as to the reason for the disposition.  The disposition should not influence your verdicts with reference to Holly Koliopoulos, the remaining defendant, and you must base your verdicts solely on the evidence against Holly Koliopoulos.

INSTRUCTION NO. \_\_\_\_\_

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

All of you must unanimously agree as to which crime the defendant aided and abetted.

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically by CM/ECF:        July 21, 2006

HARLAN KIMURA, ESQ.
hyk@aloha.net


DATED:  Honolulu, Hawaii, July 21, 2006.


                                        /s/ M. Derby-Taufa'asau