EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00106 ACK |
| | ) | |
| Plaintiff, | ) | JOINT PROPOSED JURY |
| | ) | INSTRUCTIONS; CERTIFICATE |
| vs. | ) | OF SERVICE |
| | ) | |
| HOLLY KOLIOPOULOS,   (02) | ) | Date:  August 23, 2006 |
| | ) | Time:  9:30 a.m. |
| Defendant. | ) | Judge: Hon. Alan Cooke Kay |
| | ) | |

JOINT PROPOSED JURY INSTRUCTIONS

        The United States of America, through its undersigned

counsel, and Defendant Holly Koliopoulos, through her counsel

Harlan Y. Kimura, respectfully submits the following joint

proposed jury instructions.  Permission of the Court is requested

to withdraw any of the attached instructions or to offer

additional instructions as may, during the course of the trial,

become appropriate.

DATED: July 21, 2006 at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Mark A. Inciong
   MARK A. INCIONG
   Assistant U.S. Attorney


/s/ Harlan Y. Kimura
HARLAN Y. KIMURA
Attorney for Defendant
HOLLY KOLIOPOULOS

JOINT PROPOSED JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9th Cir. Crim. Jury Instr. 3.1 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 2</u>

The indictment is not evidence. The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 3.2 (2005)


GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. 3

The parties have agreed to certain facts that have been
stated to you.  You should therefore treat these facts as having
been proved.

9th Cir. Crim. Jury Instr. 2.4 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 4</u>

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

9th Cir. Crim. Jury Instr. 3.3 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9th Cir. Crim. Jury Instr. 3.5 (2005)

GIVEN         _____
REFUSED       _____
MODIFIED      _____

JOINT PROPOSED JURY INSTRUCTION NO. 6

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

9th Cir. Crim. Jury Instr. 3.6 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was

not in session is not evidence. You are to decide the

case solely on the evidence received at the trial.

9th Cir. Crim. Jury Instr. 3.7 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 8</u>

Evidence may be direct or circumstantial.  Direct evidence
is direct proof of a fact, such as testimony by a witness about
what that witness personally saw or heard or did. Circumstantial
evidence is proof of one or more facts from which you could find
another fact. You should consider both kinds of evidence.  The
law makes no distinction between the weight to be given to either
direct or circumstantial evidence. It is for you to decide how
much weight to give to any evidence.

9th Cir. Crim. Jury Instr. 3.8 (2006)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Crim. Jury Instr. 3.9 (2005)


GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 10

A separate crime is charged the defendant in each count. The charges have been joined for trial.  Your verdict on any count as to any defendant should not control your verdict on any other count.

All of the instructions apply to each count [unless a specific instruction states that it applies only to a specific [count].

9th Cir. Crim. Jury Instr. 3.14 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 11

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

9th Cir. Crim. Jury Instr. 4.1 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. 12

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Crim. Jury Instr. 4.17 (2002)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. 13

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9th Cir. Crim. Jury Instr. 4.19 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 14

You have heard testimony from a witness who admitted being an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  You should consider such testimony with greater caution than that of other witnesses.

9th Cir. Crim. Jury Instr. 4.11 (2000)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

JOINT PROPOSED JURY INSTRUCTION NO. 15

The defendant is charged in Count 2 of the indictment with conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of sections 846 and 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including March 5, 2005, there was an agreement between two or more persons to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in

similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

required to prove that the defendant personally did one of the

overt acts.

9th Cir. Crim. Jury Instr. 8.16 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 16

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

9th Cir. Crim. Jury Instr. 8.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 17

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9th Cir. Crim. Jury Instr. 5.6 (2002)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

JOINT PROPOSED JURY INSTRUCTION NO. 18

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

9th Cir. Crim. Jury Instr. 3.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 19

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess, with intent to distribute, methamphetamine with intent to distribute unless you find that the defendant was a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

9th Cir. Crim. Jury Instr. 6.9 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 20

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Crim. Jury Instr. 7.1 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 21</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

9th Cir. Crim. Jury Instr. 7.2 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 22</u>

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Crim. Jury Instr. 7.3 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 23</u>

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 7.4 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 24

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

9th Cir. Crim. Jury Instr. 7.5 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 25</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Crim. Jury Instr. 7.6 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

# CLEAN SET OF JOINT

# PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO. _____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9th Cir. Crim. Jury Instr. 3.1 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

The indictment is not evidence. The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 3.2 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

9th Cir. Crim. Jury Instr. 2.4 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

9th Cir. Crim. Jury Instr. 3.3 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9th Cir. Crim. Jury Instr. 3.5 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

9th Cir. Crim. Jury Instr. 3.6 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was

not in session is not evidence. You are to decide the

case solely on the evidence received at the trial.

9th Cir. Crim. Jury Instr. 3.7 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Cir. Crim. Jury Instr. 3.8 (2006)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Crim. Jury Instr. 3.9 (2005)


GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

A separate crime is charged the defendant in each count.
The charges have been joined for trial.  Your verdict on any
count as to any defendant should not control your verdict on any
other count.

All of the instructions apply to each count [unless a
specific instruction states that it applies only to a specific
[count].

9th Cir. Crim. Jury Instr. 3.14 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

9th Cir. Crim. Jury Instr. 4.1 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Crim. Jury Instr. 4.17 (2002)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9th Cir. Crim. Jury Instr. 4.19 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

     You have heard testimony from a witness who admitted being
an accomplice to the crime charged.  An accomplice is one who
voluntarily and intentionally joins with another person in
committing a crime.  You should consider such testimony with
greater caution than that of other witnesses.

9th Cir. Crim. Jury Instr. 4.11 (2000)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

The defendant is charged in Count 2 of the indictment with conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of sections 846 and 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including March 5, 2005, there was an agreement between two or more persons to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that

there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

required to prove that the defendant personally did one of the

overt acts.

9th Cir. Crim. Jury Instr. 8.16 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

9th Cir. Crim. Jury Instr. 8.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the
act and does not act through ignorance, mistake, or accident.
[The government is not required to prove that the defendant knew
that [his] [her] acts or omissions were unlawful.]  You may
consider evidence of the defendant's words, acts, or omissions,
along with all the other evidence, in deciding whether the
defendant acted knowingly.

9th Cir. Crim. Jury Instr. 5.6 (2002)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

9th Cir. Crim. Jury Instr. 3.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess, with intent to distribute, methamphetamine with intent to distribute unless you find that the defendant was a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

9th Cir. Crim. Jury Instr. 6.9 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


9th Cir. Crim. Jury Instr. 7.1 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

9th Cir. Crim. Jury Instr. 7.2 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Crim. Jury Instr. 7.3 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

INSTRUCTION NO. _____

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 7.4 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

INSTRUCTION NO. _____

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

9th Cir. Crim. Jury Instr. 7.5 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Crim. Jury Instr. 7.6 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:


Served Electronically by CM/ECF:      July 21, 2006

HARLAN KIMURA, ESQ.
hyk@aloha.net


DATED:  Honolulu, Hawaii, July 21, 2006.


                              /s/ M. Derby-Taufa'asau