EXHIBIT "B"

JURY INSTRUCTION NO. _____

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped.  The government must prove the following:

1.     the defendant was predisposed to commit the crime before being contacted by government agents; or

2.     the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

JURY INSTRUCTION NO. _____


The defendant claims she was entrapped by government agents. Whether or not any or all of the three (3) UPS Store Employees (i.e. Ms. Ivy Miyatake, Ms. Opal L. Garret, and Ms. Shay Lynn Bixby) were acting as government agents in connection with the crimes charged in this case, and if so, when that or those persons began acting as government agents, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, individuals are government agents when the government authorizes, directs, and supervises those person's activities and is aware of those activities.


In determining whether, and when, any or all of these three (3) UPS Store Employees were acting as government agents for purposes of this case, you must look at all of the circumstances existing at the time of their activities in connection with the crimes charged in this case, including but not limited to, the nature of their relationships with the government, the purposes for which it was understood that those persons may act on behalf of the government, the instructions given to those persons about the nature and extent of permissible activities, and what the government knew about those activities and permitted their use. This is not an exhaustive list of the factors to be considered, but provides examples of the types of factors you should consider in deciding whether and when those persons were acting as government agents when engaging in activities in connection with the crimes charged in this case.

JURY INSTRUCTION NO. _____

The defendant is charged in Count 1 of the Second Superseding Indictment with attempted possession of a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine in violation of Section 841(c)(2) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly attempted to possess iodine;

Second, iodine is a listed chemical;

Third, the defendant attempted to possess it knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine; and

Fourth, the defendant was not entrapped.

It does not matter whether the defendant knew that iodine was a listed chemical. It is sufficient that the defendant knew or had reasonable cause to believe that it would be used to manufacture methamphetamine or some other prohibited drug. Reasonable cause to believe is not purely objective, but turns on the facts actually known by the defendant that the iodine was being bought to make methamphetamine.

JURY INSTRUCTION NO. _____


        The defendant is charged in Count 2 of the Second Superseding Indictment with conspiracy to manufacture 50 or more grams of methamphetamine in violation of Sections 846, 841(a)(1), and 841(b)(1)(A) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

        First, the defendant knowingly entered into an agreement with at least one (1) other person to manufacture methamphetamine;

        Second, the defendant knew that such an agreement was unlawful; and

        Third, the defendant was not entrapped.