ORIGINAL

HARLAN Y. KIMURA  #3321-0
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail:  hyk@aloha.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 24 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00106-02 ACK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S OBJECTIONS |
| | ) | TO UNITED STATES |
| vs. | ) | SUPPLEMENTAL PROPOSED |
| | ) | JURY INSTRUCTIONS; |
| HOLLY KOLIOPOULOS,    (02) | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | Trial:    August 23, 2006 |
| | ) | Time:    9:30 a.m. |
| | ) | Judge:   Alan C. Kay |
| | ) | |

DEFENDANT'S OBJECTIONS TO
UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant No. 02 HOLLY KOLIOPOULOS

(hereinafter "Koliopoulos"), by and through her counsel, Harlan Y. Kimura, and

hereby submits her objections to the Supplemental Proposed Jury Instructions

submitted by the United States of America filed herein on July 21, 2006, as directed by that certain Order Revising Deadlines filed herein on July 14, 2006.

I.  SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 1.

You have heard evidence of other crimes engaged in by the defendant. You may consider that evidence only as it bears on the defendant's knowledge of methamphetamine, absence of mistake or accident and for no other purpose.

Koliopoulos objects to the Government's Supplemental Proposed Jury Instruction No. 1 (hereinafter "Gov't's Proposed No. 1") because it is unnecessary if its' Motion To Admit 404(b) Evidence scheduled to be heard at 10:00 a.m. on July 27, 2006 is DENIED. However, should this Honorable Court permit the Government to introduce evidence concerning Koliopoulos' alleged prior methamphetamine use and possession of a methamphetamine pipe on the day of her arrest, Gov't's Proposed No. 1 would be appropriate.

II. SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 2.

The defendant is charged in Count 1 of the indictment with attempting to possess iodine, a listed chemical, knowing, or having reasonable cause to believe, that the iodine would be used to manufacture a controlled substance. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess iodine knowing, or reasonable cause to believe, that the iodine would be used to manufacture a controlled substance;

Second, iodine is a listed chemical; and

Third, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It does not matter whether the defendant knew that the substance was iodine. It is sufficient that the defendant knew that it was some kind of prohibited chemical.

Koliopoulos objects to the Government's Supplemental Proposed Jury Instruction No. 2 (hereinafter "Gov't's Proposed No. 2") for the following reasons:

First, Count 1 is set forth in the "Second Superseding Indictment" rather than "indictment";

Second, Count 1 refers to violation of 21 U.S.C. §§ 846 and 841(c)(2). The Ninth Circuit Model Criminal Jury Instruction for a 21 U.S.C. § 841(c)(2) violation is Instruction No. 9.24, rather than 9.13;

Third, even if there is only a scintilla of evidence concerning "Entrapment" (which the Discovery provided by the Government to date reflects more than that amount), this issue must be submitted to the Jury as required by United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir. 1993); and

Last, the "reasonable cause to believe" standard "is not purely objective, but turns on the facts actually known by the defendant in a particular

case-facts from which the jury can infer that any reasonable person in the defendant's position would have had to know that the [listed chemicals] were being bought to make illegal drugs." United States v. Lo, 447 F.3d 1212, 1232 (9th Cir. 2006).

Based upon the above, the proper jury instruction to replace Gov't's Proposed No. 2 would be:

> The defendant is charged in Count 1 of the Second Superseding Indictment with attempted possession of a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture a controlled substance in violation of Section 841(c)(2) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly attempted to possess iodine;
>
> Second, iodine is a listed chemical;
>
> Third, the defendant attempted to possess it knowing, or having reasonable cause to believe, that it would be used to manufacture a controlled substance; and
>
> Fourth, the defendant was not entrapped.
>
> It does not matter whether the defendant knew that iodine was a listed chemical.  It is sufficient that the defendant knew or had reasonable cause to believe that it would be used to manufacture a controlled substance or some other prohibited drug.  Reasonable cause to believe is not purely objective, but turns on the facts actually known by the defendant that the iodine was being bought to make a controlled substance or other prohibited drug.

III. SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 3.

>    You have heard testimony from Steven Echols, a witness who has admitted to being an accomplice to Holly Koliopoulos. An accomplice is one who voluntarily and intentionally joins with other people in committed (sic) a crime.
>
>    The witness, Steven Echols, also has pled guilty to crimes arising out of the same events for which Holly Koliopoulos is on trial. His guilty plea is not evidence against defendant Holly Koliopoulos and you may consider his guilty plea only in determining his believability.
>
>    For these reasons, in evaluating the testimony of Steven Echols, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Steven Echols with greater caution than that of other witnesses.

Koliopoulos objects to the Government's Supplemental Proposed Jury Instruction No. 3 (hereinafter "Gov't's Proposed No. 3") because it does not fully encompass Ninth Circuit Model Criminal Jury Instruction No. 4.9 as it relates to Mr. Steven Echols (hereinafter "Echols"). Echols entered his guilty plea pursuant to that certain Memorandum Of Plea Agreement filed herein, and in Cr. No. 06-00003 HG, on January 12, 2006 (hereinafter "Echols Plea Agreement"). Pursuant to the Echols Plea Agreement, Echols agreed to fully cooperate with the Government in making himself available for questioning by its agents, assisting with the prosecution of Koliopoulos, and testifying against her at the Trial herein. In return, Echols expected the Government to request the Sentencing Judge to

recommend a lower Sentence than would have been available to him under the Sentencing Guidelines. That is exactly was the Government did as indicated by the May 11, 2006 Court Minutes in Cr. No. 06-00003 HG. Additionally, the Government is expected to even further lower Echols Sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure should his anticipated testimony against Koliopoulos at the Trial herein amount to "substantial assistance".

Based upon the above, the proper jury instruction to replace Gov't's Proposed No. 3 would be:

> You have heard testimony from Steven Echols, a witness who has admitted to being an accomplice to Holly Koliopoulos. An accomplice is one who voluntarily and intentionally joins with other people in committing a crime.
>
> The witness, Steven Echols, also has pled guilty to crimes arising out of the same events for which Holly Koliopoulos is on trial. His guilty plea is not evidence against defendant Holly Koliopoulos and you may consider his guilty plea only in determining his believability.
>
> Additionally, Steven Echols has received benefits or favored treatment from the government in connection with this case for his cooperation, and will possibly receive further benefits or favored treatment after testifying against Holly Koliopoulos.
>
> For all these reasons, in evaluating the testimony of Steven Echols, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Steven Echols with greater caution than that of other witnesses.

IV.  SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 4.

The case against co-defendant Steven Echols has been disposed of and is no longer before you. Do not guess or speculate as to the reason for the disposition. The disposition should not influence your verdicts with reference to Holly Koliopoulos, the remaining defendant, and you must base you verdicts solely on the evidence against Holly Koliopoulos.

Koliopoulos does not have any objections to Government's Supplemental Proposed Jury Instruction No. 4.

V.  SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 5.

The defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

All of you must unanimously agree as to which crime the defendant aided and abetted.

Koliopoulos objects to Government's Supplemental Proposed Jury Instruction No. 5 (hereinafter "Gov't's Proposed No. 5") because it does not include: (a) each and every element of the crime(s) to which Koliopoulos allegedly aided and abetted as required by United States v. Jones, 678 F.2d 102, 105 (9th Cir. 1982); and (b) the "Entrapment" defense as required for the reasons stated with respect to Gov't's Proposed No. 2. Therefore, the proper jury instruction to replace Gov't's Proposed No. 5 would be:

> The defendant may be found guilty of the crime charged in Count 1 of the Second Superseding Indictment even if the defendant personally did not commit the act or acts constituting that crime, but aided and abetted in its commission. To prove the defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:
>
> First, the crime charged in Count 1 was committed by someone;
>
> Second, that crime involved that person knowingly attempting to possess iodine;
>
> Third, iodine is a listed chemical;
>
> Fourth, that person attempted to possess the iodine knowing, or having reasonable cause to believe, that it would be used to manufacture a controlled substance;

Fifth, the defendant was not entrapped;

Sixth, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each of these elements of that crime; and

Seventh, the defendant acted before that crime was completed.

It is not enough that the defendant merely associated with the person committing that crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of that crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit that crime.

With respect to Count 2 of the Second Superseding Indictment, the defendant may be found guilty of the crime charged in that Count 2 even if the defendant personally did not commit the act or acts constituting that crime, but aided and abetted in its commission. To prove the defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime charged in Count 2 was committed by someone;

Second, that crime involved that person knowingly and intentionally entering into an agreement with at least a third (3rd) person to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Third, that person became a member of the conspiracy knowing of its objective to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Fourth, the defendant knew that such an agreement was unlawful;

Fifth, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each of these elements of that crime; and

Sixth, the defendant acted before that crime was completed.

It is not enough that the defendant merely associated with the person committing that crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of that crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit that crime.

VI.  KOLIOPOULOS' SUPPLEMENTAL JURY INSTRUCTION NO. 4.

Koliopoulos hereby withdraws her Supplemental Jury Instruction No. 4 because she has already agreed with the Government to Joint Proposed Jury Instruction No. 15 filed herein on July 21, 2006.

DATED at Honolulu, Hawaii, _____JUL 2 4 2006_____.

_____
HARLAN Y. KIMURA
Attorney for Defendant No. 02
HOLLY KOLIOPOULOS

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties listed below, in the manner described thereto, at their last-known addresses, on ___JUL 2 4 2006___.

|  | By U.S. Mail | By Hand Delivery |
|---|---|---|
| EDWARD H. KUBO, JR., ESQ.<br>United States Attorney<br>MARK A. INCIONG. ESQ.<br>Assistant U.S. Attorney<br>Room 6100, PJKK Federal Building<br>300 Ala Moana Blvd., Box 50183<br>Honolulu, Hawaii 96850 |  | X |

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED at Honolulu, Hawaii, ___JUL 2 4 2006___.

_____
HARLAN Y. KIMURA
Attorney for Defendant No. 02
HOLLY KOLIOPOULOS