IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 3 1 2006

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

UNITED STATES,

        Plaintiff,

    v.

HOLLY KOLIOPOULOS,    (2)

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Cr. No. 05-00106-02 ACK

## JURY INSTRUCTIONS

JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

<u>JURY INSTRUCTION NO. 3</u>

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

JURY INSTRUCTION NO. 4

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

JURY INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

JURY INSTRUCTION NO. 6

The evidence from which you are to decide what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which have been received into evidence; and

3.    any facts to which all the lawyers have stipulated.

<u>JURY INSTRUCTION NO. 7</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

JURY INSTRUCTION NO. 7 (CONT.)

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

<u>JURY INSTRUCTION NO. 10</u>

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

JURY INSTRUCTION NO. 11

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. 12

You have heard testimony from Steven Echols, a witness who has admitted to being an accomplice to Holly Koliopoulos.  An accomplice is one who voluntarily and intentionally joins with other people in committing a crime.

The witness, Steven Echols, has pled guilty to crimes arising out of the same events for which Holly Koliopoulos is on trial.  Neither his guilty plea nor his plea agreement is evidence against defendant Holly Koliopoulos and you may consider his guilty plea and plea agreement only in determining his believability.

Additionally, Steven Echols has received benefits or favored treatment from the government in connection with this case for his cooperation, and will possibly receive further benefits or favored treatment after testifying against Holly Koliopoulos.

For these reasons, in evaluating the testimony of Steven Echols, you should consider the extent to which that witness's testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Steven Echols with greater caution than that of other witnesses.

JURY INSTRUCTION NO. 13

The case against Steven Echols has been disposed of and is not before you.  Do not guess or speculate as to the reason for the disposition.  The disposition should not influence your verdicts with reference to Holly Koliopoulos, the remaining defendant, and you must base your verdicts solely on the evidence against Holly Koliopoulos.

## JURY INSTRUCTION NO. 14

The defendant is charged in Count 1 of the Second Superseding Indictment with attempted possession of a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine in violation of Section 841(c)(2) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly attempted to possess iodine;

Second, iodine is a listed chemical;

Third, the defendant attempted to possess it knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine;

Fourth, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step; and

Fifth, the defendant was not entrapped.

It does not matter whether the defendant knew that iodine was a listed chemical. It is sufficient that the defendant knew or had reasonable cause to believe that it would be used to manufacture methamphetamine or some other prohibited drug. Reasonable cause to believe is not purely objective, but turns on the facts actually known by the defendant. Reasonable

<u>JURY INSTRUCTION NO. 14 (CONT.)</u>

cause to believe means having knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person knowing the same facts to reasonably conclude that the iodine would be used to manufacture methamphetamine.

In addition to the finding of guilty or not guilty, the verdict form in this case requires a finding as to the quantity involved in Count 1. If you find the defendant not guilty of Count 1, then you need not make any further findings as to quantity for that count. If you find the defendant guilty of Count 1, then you all must also find beyond a reasonable doubt the quantity of iodine the defendant attempted to possess.

JURY INSTRUCTION NO. 15

The defendant is charged in Count 2 of the indictment with conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including March 5, 2005, there was an agreement between two or more persons to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, the defendant was not entrapped.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary

JURY INSTRUCTION NO. 15 (CONT.)

that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

In addition to the finding of guilty or not guilty, the verdict form in this case requires a finding as to the quantity involved in Count 2. If you find the defendant not guilty of Count 2, then you need not make any further findings as to

JURY INSTRUCTION NO. 15 (CONT.)

quantity for that count.  If you find the defendant guilty of
Count 2, then you all must also find beyond a reasonable doubt
whether the quantity of methamphetamine involved was 50 grams or
more, or less than 50 grams.  In your determination of the
quantity of methamphetamine involved, the defendant is to be held
accountable for all quantities of methamphetamine with which she
was directly involved and, in the case of a jointly undertaken
criminal activity, all reasonably foreseeable quantities of
methamphetamine that were within the scope of the criminal
activity that she jointly undertook.

JURY INSTRUCTION NO. 16

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

1. the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

2. the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

3. the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

JURY INSTRUCTION NO. 17

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

JURY INSTRUCTION NO. 18

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

JURY INSTRUCTION NO. 19

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of attempted possession of a listed chemical or conspiracy to manufacture methamphetamine, unless you find that the defendant was a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

JURY INSTRUCTION NO. 20

A defendant may be found guilty of a crime of attempted possession of a listed chemical even if the defendant personally did not commit the act or acts constituting that crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, attempted possession of a listed chemical was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of attempted possession of a listed chemical;

Third, the defendant acted before the crime was completed; and

Fourth, the defendant was not entrapped.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit attempted possession of a listed chemical.

JURY INSTRUCTION NO. 21

A defendant may be found guilty of a crime of conspiring to manufacture methamphetamine even if the defendant personally did not commit the act or acts constituting that crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, conspiracy to manufacture methamphetamine was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of conspiracy to manufacture methamphetamine;

Third, the defendant acted before the crime was completed; and

Fourth, the defendant was not entrapped.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit conspiracy to manufacture methamphetamine.

<u>JURY INSTRUCTION NO. 22</u>

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:

1.  the defendant was predisposed to commit the crime before being contacted by government agents; or

2.  the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

JURY INSTRUCTION NO. 23

The defendant claims she was entrapped by government agents. Whether or not any or all of the three (3) UPS Store Employees (i.e. Ms. Ivy Miyatake, Ms. Opal L. Garret, and Ms. Shay Lynn Bixby) were acting as government agents in connection with the crimes charged in this case, and if so, when that or those persons began acting as government agents, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, individuals are government agents when the government authorizes, directs, and supervises those person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether, and when, any or all of these three (3) UPS Store Employees were acting as government agents for purposes of this case, you must look at all of the circumstances existing at the time of their activities in connection with the crimes charged in this case, including but not limited to, the nature of their relationships with the government, the purposes for which it was understood that those persons may act on behalf of the government, the instructions given to those persons about the nature and extent of permissible activities, and what the government knew about those activities

JURY INSTRUCTION NO. 23 (CONT.)

and permitted their use.  This is not an exhaustive list of the
factors to be considered, but provides examples of the types of
factors you should consider in deciding whether and when those
persons were acting as government agents when engaging in
activities in connection with the crimes charged in this case.

JURY INSTRUCTION NO. 24

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

<u>JURY INSTRUCTION NO. 25</u>

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

JURY INSTRUCTION NO. 26

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The Defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a Defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

JURY INSTRUCTION NO. 27

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO. 28

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.