**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 31 2007

at /2 o'clock and 00 min. P M.
SUE BEITIA, CLERK

**FILED**

NOV 27 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10039 |
| Plaintiff - Appellee, | D.C. No. CR-05-0106-ACK (02) |
| v. | |
| HOLLY KOLIOPOULOS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Argued and Submitted November 5, 2007
Honolulu, Hawaii

Before:    O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

Holly Koliopoulos appeals her conviction on one count of attempt to possess iodine with the intent to manufacture a controlled substance and one count of conspiracy to manufacture methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in denying Koliopoulos' motion to suppress the statements she made after receiving the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966).[1] The officers did not deliberately employ a two-step interrogation technique in order to undermine the Miranda warnings that were given before interrogating Koliopoulos. See generally United States v. Narvaez-Gomez, 489 F.3d 970, 973-74 (9th Cir. 2007) ("A two-step interrogation involves eliciting an unwarned confession, administering the Miranda warnings and obtaining a waiver of Miranda rights, and then eliciting a repeated confession."). We reject Koliopoulos' contention that conditions such as the temperature of the interrogation room rendered her Miranda waiver involuntary. The record amply supports the finding that her statements were voluntary.

The district court did not err in denying Koliopoulos' motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(b). The evidence is sufficient to establish that Koliopoulos was aware that the package contained iodine and that she knew or had reasonable cause to believe that the iodine would be used to manufacture methamphetamine. The judgment of the district court is

**AFFIRMED.**

---

[1] Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
DEC 2 8 2007
by_____
Deputy Clerk